IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV1-1-MU

| | | |
|---|---|---|
| KENNETH D. BOBBITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DAVID MITCHELL, supt., | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Reconsideration, filed July 13, 2005, and Petitioner's Motion to Amend Motion for Reconsideration, filed July 26, 2005.

On March 7, 2001, Petitioner filed a federal habeas petition with this Court. On July 11, 2001, this Court dismissed Petitioner's federal habeas petition on the basis that it was untimely. On October 17, 2001, the United State Court of Appeals for the Fourth Circuit affirmed this Court's ruling. On August 15, 2002, this Court denied Petitioner's Motion to Reconsider. On February 3, 2003, Petitioner filed another Motion to Reconsider which was denied on March 10, 2003. On September 23, 2004, the United States Court of Appeals for the Fourth Circuit denied Petitioner's motion for authorization to file a successive federal habeas petition.

In February 2005, Petitioner filed a successive federal habeas petition which was dismissed on April 27, 2005. Petitioner has now filed two documents asking the Court to vacate it's April 27, 2005, Order dismissing his federal habeas petition. In his latest filings Petitioner

continues, despite his protestations to the contrary, to argue the merits of his federal habeas petition.

In United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206. The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. Id. at 207. In contrast, a motion to reconsider which seeks to remedy some defect in the collateral review process is generally a proper motion to reconsider. Here Petitioner is arguing that conviction should be vacated.. Such an argument is not based upon a defect in the collateral review process and thus Petitioner's motion is most properly construed as a petition pursuant to 28 U.S.C. § 2254.[1]

However, as Petitioner is already aware, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this would be Petitioner's second federal habeas petition under § 2254, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

The Court notes that Petitioner, despite explicit rulings by this Court that his federal

---

[1] This Court finds that the Court of Appeals for the Fourth Circuit's recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2254 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

habeas petition was untimely and any second petition must be approved by the Fourth Circuit has repeatedly filed motions to reconsider arguing the merits of his claims. Petitioner is not entitled to unlimited motions to reconsider. Petitioner is hereby prohibited from filing any further motions or petitions without prior permission of the Court.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Clerk is directed to treat this motion as a federal habeas petition pursuant to 28 U.S.C. § 2254 and file a copy of this Order within the civil case number assigned;

2. Petitioner's Motion to Reconsider which this Court has construed as a federal habeas petition pursuant to 28 U.S.C. § 2254, is **DISMISSED** without prejudice as successive;

3. Petitioner's Motion to Amend is **DENIED** futile; and

4. Petitioner is prohibited from filing any further motions without prior permission of the Court.

**Signed: January 5, 2006**

Graham C. Mullen
Chief United States District Judge